UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,                     Criminal Case No. 10-20717

v.

                                      Sean F. Cox
Dainius Vysniauskas,                United States District Court Judge

       Defendant.
_____/

**OPINION & ORDER
ON MOTION FOR RETURN OF SEIZED PROPERTY**

In Criminal Case Number 10-20717, Defendant/Petitioner Dainius Vysniauskas (true name Valentinas Babakinas) (hereinafter "Petitioner") pled guilty to various bank fraud charges and was sentenced to 71 months imprisonment by this Court. His sentence was affirmed on direct appeal. Thereafter, he filed a motion seeking to vacate his sentence, pursuant to 28 U.S.C. § 2255, and that motion is currently pending before this Court. The matter is now before the Court on Petitioner's Motion for Return of Seized Property. (D.E. No. 90). For the reasons set forth below, Petitioner's motion shall be granted in part, denied without prejudice in part, and denied with prejudice in part.

**BACKGROUND**

It is undisputed that on or about April 20, 2010, the Southfield Michigan Police Department served a search warrant and seized various property from Petitioner that was then provided to the federal government in connection with this criminal case. (*See* D.E. No. 90 at Pg ID 584 & D.E. No. 95 at Pg ID 623).

1

Petitioner was indicted and charged with: 1) Bank Fraud, in violation of 18 U.S.C. §1344 (Count One of the Indictment); 2) Attempted Bank Fraud, in violation of 18 U.S.C. § 1349 (Count Two of the Indictment); and 3) Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349 (Count Three of the Indictment).

On April 13, 2011, Petitioner pleaded guilty to all three counts, without a Rule 11 plea agreement. This Court then conducted an evidentiary hearing pertaining to disputed sentencing issues, in order to determine the applicable sentencing guidelines as to Petitioner. Thereafter, this Court issued an "Order Regarding Sentencing Guidelines" (D.E. No. 58) wherein the Court found that Petitioner's "offense level under the Guidelines is 23." This Court sentenced Petitioner to a total term of 71 months imprisonment. (*See* Judgment, D.E. No. 63).

Petitioner filed a direct appeal, arguing that this Court incorrectly calculated the total loss from his fraud, applied sentencing enhancements not supported by the facts, and imposed a procedurally and substantively unreasonable sentence. On January 7, 2015, the United States Court of Appeals for the Sixth Circuit affirmed.

Thereafter, on July 30, 2015, Petitioner filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence. (D.E. No. 86). In his motion, Petitioner raises one ground or relief: "Trial counsel rendered ineffective assistance of counsel by failing to object to the district court's misapplication of U.S.S.G. § 2B1.1(b)(11)(C)(i)." (D.E. No. 86 at Pg ID 554). Petitioner's § 2255 motion is currently pending before this Court.

On August 11, 2015, Petitioner filed the instant "Motion For Return Of Seized Property" (D.E. No. 90). The Government has since responded to that motion. (D.E. Nos. 95 & 96).

**ANALYSIS**

Petitioner brings his Motion for Return of Seized Property under Fed. R. Crim. P. 41(g). Federal Rule of Criminal Procedure 41(g) governs motions to return property and provides as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

Petitioner's motion asks this Court to order the Government to return to him all property that was seized from him on or about April 20, 2010. Petitioner identifies the property that was seized from him as consisting of: "1 box of misc. electronic" equipment including "4 hard drives; 1 internal DVD driver; 6 cell phones" an "I-Machine laptop computer" and "other assorted electronics"; one "Computer Hp Pavilion Elite"; one "Laptop computer Hp Pavilion"; and "SD card" containing digital still images; and Petitioner's passports, drivers license, and bank card. (*See* D.E. No. 90 at Pg ID 584). Petitioner asserts that the property should be returned to him because this criminal case "has become final in January of 2015" when the Sixth Circuit issued its decision on his direct appeal. (*Id*. at Pg ID 585).

In response to Petitioner's motion, the Government contends that, for the most part, Petitioner's Motion for Return of Seized Property should be denied. The Government asserts that it still has a need to maintain the majority of the seized property for two reasons.

First, because Petitioner is currently pursuing a § 2255 motion, and could appeal if this Court denies that motion, the Government disputes Petitioner's assertion that his criminal

3

conviction is "final." Citing other courts that have dismissed such motions without prejudice as premature, the Government asserts that it will need the majority of the items that had been seized if he were to prevail on his § 2255 motion and obtain a new trial. That evidence, the Government represents, would be needed at a new trial or subsequent sentencing hearing. (*See* D.E. No. 95 at 3-4).

Second, the Government asserts that even if Petitioner is ultimately unsuccessful as to his § 2255 Motion and does not obtain a new trial, the Government would still have a need to retain Petitioner's identity documents. (*See* D.E. No. 96). The Government explains that, "given his illegal status in the United States at the time of his initial arrest in 2010," Petitioner "will face deportation/removal proceedings upon his release from federal custody" and, therefore, Petitioner's passports, drivers license and bank cards, "all of which constitute identity documents for Defendant," should be retained by the Government.

Having considered the parties' respective arguments, the Court concludes that the majority of the property[1] that has been retained constitutes evidence that may be needed at trial or sentencing if Petitioner were to ultimately prevail on his § 2255 Motion. *See United States v. Garcon*, 406 F. App'x 366,370 (11th Cir. 2010) (denying motion for return of seized property, in part, because specified property would be needed as evidence in the event the defendant's § 2255 motion is successful and he is able to obtain a new trial); *United States v. Washington*, 2011 WL 6258491 at *1 n.1 (D. Kansas 2011) (denying a convicted defendant's motion for return of seized property because the property may be needed as evidence if there were a retrial and

---

[1]That is, all of the property listed in Petitioner's motion, with the exception of any new/unused cellular telephones).

providing that the defendant could re-file his motion after the conclusion of any appeal on his Section 2255 motion).

In addition, the Court also concludes that Petitioner's identify documents (his passports, drivers license, and bank card) should not be returned to him because they will be needed to effect his deportation after the completion of Petitioner's sentence. *See United States v Moussa*, 1993 WL 42179 at * 1 (E.D. N.Y. 1993); *United States v. Beras*, 2003 WL 21136727 at * 1-2 (S.D. N.Y. 2003).

The Government concedes, however, that the new cellular phones that were seized from Petitioner would not be needed as future evidence, or needed to effect Petitioner's deportation. (D.E. No. 95 at Pg ID 626). The Government's brief asserts that because Petitioner is currently incarcerated, it currently lacks a feasible method to arrange for the return of those items. The Government's brief directed Petitioner to file a signed statement, "listing an individual (with full name, address, and phone number) that he authorizes to take possession" of the phones on his behalf, and to send it to an F.B.I. agent specified in the response brief, at a listed address.

Neither party, however, has advised that Court as to whether Petitioner has provided such a statement to the Government.

The Court concludes that the new cellular phones that were seized from Petitioner should be returned to Petitioner, provided that Petitioner assists the Court in that regard.

## CONCLUSION & ORDER

For the reasons set forth above, the Court **ORDERS** that Petitioner's Motion for Return of Seized Property is **GRANTED IN PART, DENIED WITHOUT PREJUDICE IN PART**, and **DENIED WITH PREJUDICE IN PART.**

5

The motion is **GRANTED** to the extent that the Court concludes that any new cellular phones seized from Petitioner should be returned to him, if feasible to do so, considering his incarceration. The Court hereby **ORDERS** Petitioner to file with this Court, **no later than April 1, 2016**, a signed statement that lists an individual (and includes that individual's name, full mailing address, and telephone number) that he authorizes to take possession of the cellular phones on his behalf.

Petitioner's Motion is **DENIED WITH PREJUDICE** as to Petitioners request for return of his identity documents (his passports, drivers license, and bank card).

Petitioner's Motion is **DENIED WITHOUT PREJUDICE** as to the remaining property at issue, and Petitioner may re-file his motion after all proceedings concerning his § 2255 Motion have concluded.

**IT IS SO ORDERED.**


Dated: February 8, 2016          s/ Sean F. Cox
         Sean F. Cox
         U. S. District Judge


I hereby certify that on February 8, 2016, the foregoing document was served on counsel of record via electronic means and upon Dainius Vysniauskas via First Class mail at the address below:

Dainius Vysniauskas 45372-039
Pollock U.S. Penitentiary
Inmate Mail/parcels
P.O. Box 4050
Pollock, LA 71467

         s/ J. McCoy
         Case Manager