UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,              Criminal Case No. 10-20717
                                            Civil Case No. 15-12685
v.
                                            Sean F. Cox
Dainius Vysniauskas,                      United States District Court Judge

    Defendant/Petitioner.
_____/

**OPINION & ORDER**

Defendant/Petitioner Dainius Vysniauskas (true name Valentinas Babakinas) (hereinafter "Petitioner") pleaded guilty to three bank fraud charges and was subsequently sentenced by this Court to 71 months imprisonment. His sentence was affirmed on appeal. The matter is now before the Court on Petitioner's Motion to Vacate Sentence, brought under 28 U.S.C. § 2255. The Court finds an evidentiary hearing is not warranted and that the motion is ripe for decision. For the reasons that follow, the Court shall DENY the motion and shall decline to issue a Certificate of Appealability.

**BACKGROUND**

In Criminal Case Number 10-20717, Petitioner was indicted and charged with: 1) Bank Fraud, in violation of 18 U.S.C. §1344 (Count One of the Indictment); 2) Attempted Bank Fraud, in violation of 18 U.S.C. § 1349 (Count Two of the Indictment); and 3) Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349 (Count Three of the Indictment).

On April 13, 2011, Petitioner pleaded guilty to all three counts, without a Rule 11 plea

1

agreement.

This Court then conducted an evidentiary hearing on October 26, 2011, pertaining to disputed sentencing issues, in order to determine the applicable sentencing guidelines as to Petitioner.

Thereafter, this Court issued an "Order Regarding Sentencing Guidelines" (D.E. No. 58) wherein the Court found that Petitioner's "offense level under the Guidelines is 23." Among other things, this Court concluded that a 2-Level enhancement for the unauthorized use of identification, pursuant to U.S.S.G. § 2B1.1(b)(11)(C)(i) was warranted.

This Court ultimately sentenced Petitioner to a total term of 71 months imprisonment. (*See* Judgment, D.E. No. 63).

Petitioner filed a direct appeal, arguing that this Court incorrectly calculated the total loss from his fraud, applied sentencing enhancements not supported by the facts, and imposed a procedurally and substantively unreasonable sentence. On January 7, 2015, the United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Vysniauskas*, 593 F. App'x 518 (6th Cir. 2015).

Thereafter, on July 30, 2015, Petitioner filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence. (D.E. No. 86). In his motion, Petitioner raises one ground for relief: "Trial counsel rendered ineffective assistance of counsel by failing to object to the district court's misapplication of U.S.S.G. § 2B1.1(b)(11)(C)(i)." (D.E. No. 86 at Pg ID 554).

The Government has since filed its response in opposition to Petitioner's § 2255 Motion and Petitioner filed a Reply Brief. Thus, the matter has been fully briefed.

A district court is not required to hold an evidentiary hearing with respect to § 2255

motions when the record conclusively shows that the petitioner is not entitled to relief. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Here, the Court finds that the record conclusively demonstrates that Petitioner is not entitled to relief, and thus no evidentiary hearing is needed to resolve the instant motion.

**ANALYSIS**

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to 28 U.S.C. section 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 F. App'x 73, 76 (6th Cir. 2003). It is well established that when a defendant files a section 2255 motion, he or she must set forth facts establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th

3

Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted).

Here, Petitioner's sole ground for relief is that he was provided ineffective assistance of counsel by his trial counsel.

**A.     Standard Applicable To Ineffective Assistance Of Counsel Claims**

The familiar United States Supreme Court decision in *Strickland v. Washington*, 466 U.S. 688 (1984) governs this Court's analysis of ineffective assistance of counsel claims. "In *Strickland*, the Supreme Court articulated a two-component test that must be satisfied for a defendant to demonstrate that a counsel's performance was so defective as to require reversal of a conviction . . . ." *Lint v. Preselnik*, 542 F. App'x 472, 475 (6th Cir. 2013). "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

To establish deficient performance, the defendant must show that "counsel's representation fell below the objective standard of reasonableness." *Lint,* 542 F. App'x at 475, citing *Strickland*, 466 U.S. at 688. Judicial scrutiny of counsel's performance is highly deferential, and this Court must apply the strong presumption that counsel's representation fell within the wide range of reasonable professional conduct. *Lint,* 542 F. App'x at 475-76 (citing *Strickland*, 466 U.S. at 689). "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Thus, Petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2002) (citation and internal quotations omitted).

4

To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The likelihood of a different result "must be substantial, not just conceivable." *Lint*, 542 F. App'x at 476 (citing *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011)).

**B.     Application Of That Standard**

Here, Petitioner avers that his trial counsel was ineffective because counsel failed "to object to the district court's misapplication of U.S.S.G. § 2B1.1(b)(11)(C)(i)." (Petition at Pg ID 554).

Section 2B1.1(b)(11)(C)(i) of the Guidelines provides that if an offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification" then the defendant's offense level shall be increased by 2 levels.

The means-of-identification enhancement was originally designed to combat the harm "which results from using someone's identifying information to establish new credit." *United States v. Williams*, 355 F.3d 893, 900 (6th Cir. 2003); *see also United States v. Norwood*, 774 F.3d 476, 480 (8th Cir. 2014). "At its base, the enhancement requires the Government to demonstrate that one means of identification was used to create a second means of identification." *United States v. Johnson*, 421 F. App'x 533, 535 (6th Cir. 2010).

As Petitioner notes in his motion, the definitions provided in Application Note 1 include that: "'Means of Identification'" has the meaning given that term in 18 U.S.C. § 1028(d)(7), except that such means of identification shall be of an actual (i.e., not fictitious) individual, other than the defendant or a person for whose conduct the defendant is accountable under §1B1.3

5

(Relevant Conduct)." Application Note 1 to § 2B1.1(b)(11)(C)(i). 18 U.S.C. § 1028(d)(7) provides that:

> (7) the term "means of identification" means ***any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual***, including any--
>
> > (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;
> >
> > (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;
> >
> > (C) unique electronic identification number, address, or routing code; or
> >
> > (D) telecommunication identifying information or access device (as defined in section 1029(e));

18 U.S.C. § 1028(d)(7) (emphasis added).

This Court held a sentencing evidentiary hearing on October 26, 2011. Thereafter, on November 9, 2011, this Court issued its Order Regarding Sentencing Guidelines. (D.E. No. 58). In that Order, this Court's Findings of Fact included:

> In addition to a number of transactions in which they used fake aliases, Defendants also used the identity of at least two real individuals in certain banking transactions. Vysniauskas opened a Bank of America account in the name of Anthony Demaree, an individual who lived in the same apartment complex as Defendants, and also created a fraudulent New York identification card bearing Mr. Demaree's name, but with the image of Vysniauskas. (Gov. Ex. 37). Agent Gavin interviewed Mr. Demaree, who reported that while living in the same apartment complex as Defendants, the complex's mail receptacle for each apartment was outdoors and accessible to anyone. Additionally, Mr. Demaree reported $186.35 in unauthorized charges on his VISA credit card. (Gov. Ex. 12).

(*Id*. at 6-7). The Court's Conclusions of Law included:

> IV. <u>The Court Shall Assess a 2-Level Enhancement for the Unauthorized Use of</u>

<u>Identification.</u>

In addition to a 2-level enhancement for conduct involving sophisticated means, the Government requests that this Court assess a 2-level enhancement for an offense involving the unauthorized use of identification to produce another means of identification.

Section 2B1.1(b)(11)(C)(i) of the Guidelines provides that if an offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification" then the defendant's offense level shall be increased by 2 levels.

Application Note 9(C) provides examples of conduct that falls within the scope of §2B1.1(b)(11)(C)(i). The examples include:

> (I) A defendant obtains an individual's name and social security number from a source (e.g., from a piece of mail taken from the individual's mailbox) and obtains a bank loan in that individual's name. In this example, the account number of the bank loan is the other means of identification that has been obtained unlawfully.
>
> (II) A defendant obtains an individual's name and address from a source (e.g., from a driver's license in a stolen wallet) and applies for, obtains, and subsequently uses a credit card in that individual's name. In this example, the credit card is the other means of identification that has been obtained unlawfully.

U.S.S.G. §2B1.1(b)(11)(C)(i), cmt. n. 9(C).

In this case, the evidence establishes, and the Defendants do not contest, that Defendant used the identity of at least one individual, Mr. Demaree, to open a bank account in the name of Mr. Demaree. This conduct clearly falls within the scope of example (I) of Application note 9(C). Vysniauskas obtained Mr. Demaree's name and address (likely through stolen mail), created a fraudulent identification card bearing Mr. Demaree's name, and utilized this identification card to create a second form of identification – a Bank of America checking account number.

The Court therefore finds that a 2-level enhancement to Defendants' offense levels, pursuant to §2B1.1(b)(11)(C)(i), is warranted under the facts of this case. *See United States v. Williams*, 355 F.3d 893, 898 (6th Cir.2003) (upholding a district court's assessment of a 2-level enhancement for the use of a person's social security card to obtain a bank loan).

(*Id*. at 19-20).

Petitioner now faults his Counsel for not having objected to that 2-level enhancement. In

his motion, Petitioner argues that §2B1.1(b)(11)(C)(i) was incorrectly applied in light of *United States v. Mitchell*, 518 F.3d 230 (4th Cir. 2008).

The defendant in that case used a false driver's license and counterfeit checks in the name of "Marcus Jackson" to buy merchandise and return it for cash refunds. He was charged with identity theft under 18 U.S.C. § 1028. Defendant, "who was the only witness, testified in his own defense. He said that he did not know anyone named Marcus Jackson when he used the false driver's license and counterfeit checks in that name" and that when he couldn't think of a name to use, he turned to the phone book and made up the name Marcus Jackson. *Id*. at 232-33. At the close of evidence, Defendant "moved for a judgment of acquittal, arguing that the name Marcus Jackson was not sufficiently unique to identify a specific person." *Id*. at 233. "The government argued that it only had to prove that a real person named Marcus Jackson existed, and that the evidence showed there were at least two such persons. The district court agreed with the government, denied [Defendant's] motion for acquittal, and found him guilty of aggravated identify theft." *Id*.

The United States Court of Appeals for the Fourth Circuit reversed. The appellate court found that the testimony, taken in the light most favorable to the government, was "sufficient to establish that [Defendant] got the name Marcus Jackson from a telephone book." *Id*. at 233. The court looked to the language in 18 U.S.C. § 1028(d)(7) and concluded:

> The definition's overriding requirement is that a means of identification—that is, an identifier or identifiers—must be sufficient "to identify a specific individual." More particularly, the definition of a means of identification encompasses "any name or number that may be used, *alone or in conjunction with any other information*, to identify a specific individual." 18 U.S.C. § 1028(d)(7) (emphasis added). **The definition, in other words, allows for an identifier, taken alone or together with other information, to qualify as a means of identification so**

8

> **long as the sum total of information identifies a specific individual**. Many of the identifiers listed as examples in the definition, such as a social security number, an alien registration number, or a fingerprint, are unique and therefore sufficient alone to identify a specific individual. The definition, however, also lists non-unique identifiers that are not sufficient to identify a specific individual. **A name alone, for example, would likely not be sufficiently unique to identify a specific individual because many persons have the same name**. Likewise, a date of birth by itself would not be sufficient because multitudes of persons are born on the same day. **When, however, a non-unique identifier is coupled with other information to identify a specific individual, "a means of identification of another person" is created.**

*Id*. at 234 (italics in original; bolding added for emphasis).

On appeal, Defendant argued "the district court erred when it held as a matter of law that the use of another person's name by itself constitutes the use of a means of identification of another person (a specific individual)." The Fourth Circuit agreed, concluding that "a bare name may not be sufficiently unique—indeed, it is not likely to be sufficiently unique—to identify a specific person." It found that the bare use of the name Marcus Jackson, under the rather unique circumstances presented there, was not sufficient under the statute. *Id*. at 235.

Petitioner argues that under *Mitchell*, the identifier or identifiers must be sufficient to identify a specific individual. Petitioner argues that the name Anthony Demaree is "non-unique" and that he has since been able to find information that indicates that there is more than one person in this country with the name Anthony Demaree. Petitioner suggests that the Government, through some stroke of luck, was somehow "fortunate enough to locate some person with the name" Anthony Demaree. (D.E. No. 86 at Pg ID 574).

Petitioner's reliance on *Mitchell,* to support his assertion that his trial counsel provided ineffective assistance of counsel by not objecting to the enhancement, is misplaced for several reasons.

First, *Mitchell* is a Fourth Circuit decision, that has not been adopted or endorsed by the Sixth Circuit, and it is not binding on this Court.

Second, even if *Mitchell* were binding, it can easily be distinguished from this case. The evidence presented at the hearing in this case did not establish that Petitioner simply "made up" the name Anthony Demaree by randomly looking at names in a telephone book. To the contrary, the testimony of Agent Neil Gavin, that was fully credited by this Court, was that there was a "real person" named Anthony Demaree ***and that he had lived in the same apartment complex as Defendant.***[1] Defendant made a New York driver's license with the name Anthony Demaree, but with Defendant's photograph, and then used it to open an unauthorized bank account ***at the same bank where the "real" Anthony Demaree, his neighbor, had an actual account***. The evidence also reflected that while Defendant did not use Anthony Demaree's correct apartment number to open that account, Defendant ***used the correct address for the apartment complex to open the account***. (*See* D.E. No. 55 at 40-45).

Accordingly, unlike the circumstances presented in *Mitchell*, Petitioner used the name Anthony Demaree, in conjunction with other information that identified a specific and real person. The Court continues to believe that it properly found U.S.S.G. §2B1.1(b)(11)(C)(i) applied to Defendant.

The Court therefore finds that Petitioner cannot show that his trial counsel's performance was deficient by failing to make an objection based upon a non-binding, and easily distinguishable, case. *See, eg., Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999) (Trial counsel

---

[1] Moreover, while living there, the apartment residents had unlocked mailboxes in a common area – thereby giving Defendant access to Anthony Demaree's mail.

is not unconstitutionally ineffective for failing to raise meritless arguments.) Petitioner also cannot show that the failure to make such an objection prejudiced him. There is no reasonable probability that, even had there been an objection to the application of U.S.S.G. § 2B1.1(b)(11)(C)(i) that the result of the proceeding would have been any different. This Court would have overruled any such objection.

Accordingly, the Court finds Petitioner's ineffective assistance claim without merit and shall deny his § 2255 motion.

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). As the Court has stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's ineffective assistance of counsel claim debatable or wrong. The Court shall therefore

11

decline to issue a certificate of appealability.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Petitioner's § 2255 Motion is **DENIED**. **IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE** a Certificate of Appealability.

**IT IS SO ORDERED.**

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: February 9, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2016, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager